Arthur J. Cohen and June Cohen v. Commissioner.
Cohen v. Commissioner
Docket No. 39927.
United States Tax Court
1953 Tax Ct. Memo LEXIS 299; 12 T.C.M. (CCH) 392; T.C.M. (RIA) 53121; April 13, 1953
No appearance for the petitioners. Charles H. Chase, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined deficiencies in income tax and additions to tax for fraud against the petitioners for the years 1949 and 1950, as follows: Addition to
Tax
Year
Deficiency
for Fraud
1949
$904.60
$452.30
1950
445.00
222.50
The respondent also determined additions to tax against the petitioners under section 291 (a) of the Internal Revenue Code for failure to file returns for the years in question, and under section 294 (d) (1) (A) and section 294 (d) (2), for failure to make and file proper declarations of estimated tax for such *300 years. The petitioners, in their petition, allege error only as to the determination of the additions to tax for fraud. Findings of Fact The petitioners are husband and wife, and at the time of the filing of the petition herein, resided at 5851 Kenmore Avenue, Chicago, Illinois. At the time of the mailing of the notice of deficiency by the respondent on January 14, 1952, their legal residence was 448-A North Oakhurst Drive, Beverly Hills, California. The petitioners had income in 1949 and 1950, and knew that under the statute they were required to file income tax returns and pay income tax thereon. The deficiencies in income tax herein were due to fraud with intent to evade tax. Opinion In their petition, the petitioners alleged error only with respect to the respondent's determination that the deficiencies in income tax were due to fraud with intent to evade tax. They did not appear at the trial herein. The respondent, to sustain his burden with respect to the additions to tax for fraud, called the revenue agent who, in the course of his examination into the income tax liability of the petitioners, interviewed petitioner Arthur J. Cohen. Cohen stated he had advised his *301 wife, petitioner June Cohen, as to the filing of returns by her for 1947 and 1948, but that he had never filed a return in his life. One reason given was that he had broken parole and did not want to put himself on record where he could be located. He stated to the agent, "Any damned fool knows that the income tax has to be filed." On the evidence of record, we are convinced and have concluded and found that the deficiencies herein were due to fraud with intent to evade tax. The respondent is accordingly sustained in his determination of the additions to tax for fraud. Section 293 (b), Internal Revenue Code. Decision will be entered for the respondent.